IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **EDWARD LEE BIRDWELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 9:22-cv-00012 |
| | § | |
| **PROTECTIVE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff EDWARD LEE BIRDWELL ("Plaintiff" or "Mr. Birdwell") hereby files this, his Complaint against Defendant PROTECTIVE INSURANCE COMPANY ("Defendant" or "Defendant Protective Insurance"), and would allege and show the Court and jury the following:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff EDWARD LEE BIRDWELL is an individual residing in Sulphur, Calcasieu Parish, Louisiana. He is thus domiciled in, and a citizen of, Louisiana for purposes of diversity jurisdiction.

2. Defendant PROTECTIVE INSURANCE COMPANY is a corporation with its principal place of business (*i.e.*, its corporate headquarters) in Carmel, Indiana, and is authorized to do business in the State of Texas. Defendant Protective Insurance is thus a citizen of Indiana for purposes of diversity jurisdiction. Defendant Protective Insurance may be served with process

by serving summons and a copy of the complaint through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

3. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) over all claims in this action because: (1) as stated above, Plaintiff is not a citizen of any state of which Defendant is a citizen, and (2) the matter in controversy exceeds $75,000, exclusive of interests and costs, as explained more fully below.

4. This Court has federal subject matter jurisdiction under 28 U.S.C. § 2201(a), because this Complaint seeks the declaration of rights, obligations, and legal relations of and among the parties with regard to an insurance policy, and because an actual case or controversy of a justiciable nature exists among the parties.

5. This Court has personal jurisdiction over Defendant because it is licensed to do business in the State of Texas and therefore has sufficient minimum contacts to satisfy due process.

6. Venue for this action is proper in this District and Division under 28 U.S.C. § 124(c)(6), 1391(b)(2) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## II. FACTUAL BACKGROUND

7. Defendant Protective Insurance issued insurance policy no. IL000056 (referred to herein as the "Policy") covering Mr. Birdwell on the date of the incident made the basis of this suit. The Policy contained uninsured/underinsured motorist coverage. At all times material

to this action, the Policy was in full force and effect and all premiums had been paid as required by Defendant Protective Insurance.

8. On January 29, 2020, at approximately 6:55 p.m., Mr. Birdwell was the restrained driver of a 2006 Freightliner 18-wheeler traveling northbound in the inside lane on U.S. Highway 69 in Lufkin, Angelina County, Texas. At or about the same time, James Michael Cook ("Mr. Cook") was intoxicated and was traveling southbound on U.S. Highway 69 in Lufkin, Angelina County, Texas, in his 2011 Ford F-250 pickup truck. Without any precaution, Mr. Cook drove his vehicle over the center median separating the opposing lanes of traffic on U.S. Highway 69 and struck the truck Mr. Birdwell was driving. Mr. Cook was driving while intoxicated, was inattentive, failed to control his speed, and failed to control his vehicle. As a result, Mr. Cook crossed over the center median and struck the truck Mr. Birdwell was driving. After being struck, Mr. Birdwell's vehicle spun around before it came to a complete rest. Mr. Cook tried to flee the scene, but was quickly apprehended and subsequently charged with a DWI. As a result of the collision, Mr. Birdwell sustained severe personal injuries and was immediately transported via ambulance to the nearest hospital.

9. Mr. Cook was the proximate cause of the car collision, as he was driving while intoxicated, not paying attention to the traffic conditions prior to the collision, failed to keep a proper lookout, failed to control his speed, failed to control his vehicle, and violated various state and local traffic and motor vehicle statutes, ordinances, and/or codes.

10. The collision and all damages and injuries resulting therefrom were not caused by or contributed to by Mr. Birdwell, nor did same occur through any fault or negligence on the

part of Mr. Birdwell, but were caused by the acts, wrongs, and/or omissions of Mr. Cook, and possibly others, which said acts, wrongs, and/or omissions were a proximate cause of the injuries sustained by Mr. Birdwell.

11. As a result of the injuries Plaintiff sustained in the incident made the basis of this suit, Plaintiff has incurred necessary hospital and medical expenses in the past and will incur necessary hospital and medical expenses in the future.

12. Plaintiff would further show that he was gainfully employed at the time of the incident in question and has suffered damages from loss of earnings and loss of earning capacity in the past.

13. Upon information and belief, Defendant Protective Insurance was the uninsured/underinsured motorist insurance coverage provider for the 18-wheeler Mr. Birdwell was driving at the time of the incident. Mr. Cook's insurance carrier's applicable policy limits are insufficient to cover all of the personal injuries sustained by Mr. Birdwell, which Mr. Birdwell is legally entitled to recover from Mr. Cook.

14. On December 2, 2021, Mr. Birdwell made a timely and proper demand upon Defendant Protective Insurance for underinsured motorist coverage under the Policy. Since December 2, 2021, Defendant Protective Insurance has intentionally, knowingly, and/or recklessly failed to fulfill and/or delayed their obligations to pay all sums due and owing pursuant to the underinsured motorist coverage under the Policy.

### III. FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

15. Plaintiff incorporates all the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

16. Upon information and belief, Defendant Protective Insurance failed to pay Plaintiff for Plaintiff's damages arising of the incident.

17. At all times material to this cause of action, the Policy was issued for the 2006 Freightliner, the vehicle which was driven by Plaintiff at the time of the collision with Mr. Cook. The Policy was issued and maintained by Defendant Protective Insurance. The Policy is incorporated herein by reference the same as though set forth fully and at length. The Policy contains no valid, written rejection for underinsured motorist coverage. As the first party insured, Plaintiff is covered under the above-referenced Policy. Thus, Defendant Protective Insurance should be required by law to provide any applicable coverage.

18. On January 29, 2020, while the Policy was in full force and effect, Plaintiff suffered the losses described above. Plaintiff timely and properly notified Defendant Protective Insurance of his loss. Plaintiff then submitted a demand letter to Defendant on December 2, 2021. In the demand, Plaintiff sought monetary relief up to the $1,000,000.00 policy limit of the underinsured motorist coverage. To date, Defendant has denied coverage and has refused to pay all or part of Plaintiff's claims.

19. The motor vehicle driven by Mr. Cook that caused Plaintiff's damages as described above was at all times material to this action an "uninsured motor vehicle" or "underinsured motor vehicle" as those terms are defined in the Policy. Accordingly, Plaintiff

will demonstrate that the sum of the limits on all applicable liability policies providing liability insurance for the ownership, maintenance, or use of such vehicle is insufficient to compensate for Plaintiff's actual damages. Specifically, the known available insurance coverage for Mr. Cook is $30,000.00 as to Plaintiff, pursuant to a policy issued by Mr. Cook's insurance carrier. Plaintiff timely and properly notified Defendant Protective Insurance of the incident and has fully complied with all the terms of the insurance policy as a condition precedent to bringing this suit. Nevertheless, Defendant has failed and refused to pay Plaintiff any benefits under the coverage afforded by the Policy. Defendant's refusal to provide coverage benefits creates an existing and justiciable controversy appropriate for judicial determination pursuant to 28 U.S.C. § 2201(a). Specifically, the dispute and controversy between Plaintiff and Defendant concerns whether Plaintiff is entitled to the underinsured motorist coverage afforded by the insurance policy as it relates to the claim arising out of the January 29, 2020 incident.

20. Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant Protective Insurance at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that he is entitled to recover from Defendant his damages resulting from the motor vehicle collision on January 29, 2020, that those damages fall within the coverage afforded him under Defendant's insurance policy, and specifying the amount of damages, attorney's fees, interest, and court costs that Defendant is obligated to pay.

## IV. RELIEF REQUESTED

21. Plaintiff hereby realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

22. Based on the facts and causes alleged herein, Plaintiff is entitled to:

    a. declaratory relief against Defendant Protective Insurance that Plaintiff is entitled to the coverage afforded by Defendant Protective Insurance's insurance policy for Plaintiff's UIM claim, and for the actual and special damages suffered by Plaintiff that fall within UIM coverage in an amount within the jurisdictional limits of the court;

    b. costs of suit;

    c. pre-judgment and post-judgment interest as provided by law;

    d. attorney's fees as allowed by law; and

    e. such other and further relief, in law or equity, to which Plaintiff may be justly entitled.

        Respectfully submitted,

        By: /s/ M. Kevin Queenan
           M. Kevin Queenan, SB#16427150
           service@queenanlaw.com

        731 Station Drive
        Arlington, Texas 76015
        (817) 635-3333
        (817) 635-4444 (FAX)

        ATTORNEY FOR PLAINTIFF
        EDWARD LEE BIRDWELL

OF COUNSEL:

QUEENAN LAW FIRM, P.C.
731 Station Drive
Arlington, Texas 76015
(817) 635-3333
(817) 635-4444 (FAX)

I:\886\6\PLEADINGS\PLAINTIFF'S ORIGINAL COMPLAINT.wpd